■  In the Matter of PETER G. DOUGHERTY, in Behalf of Himself and All Others Similarly Situated, Respondent, v. STANLEY M. MAKOWSKI, as Mayor of the City of Buffalo, et al., Appellants.— Judgment unanimously affirmed, with costs. Memorandum: We concur with Special Term's disposition. The judgment appealed from gives effect to the legislative intent in the enactment of paragraph 7 of rule 18 of the Rules of the Buffalo Municipal Civil Service

Commission adopted in 1967, under which petitioners entered the training program. The informational bulletin which the city used to induce young men to undertake the police cadet program contained, in part, the promise of employment in the following statement in capital letters and bold face: "WITH-OUT ANY ADDITIONAL WRITTEN EXAMINATION, AUTOMATICALLY BECOME A PRO-BATIONARY PATROLMAN". The words "automatically become a probationary Patrolman" are taken verbatim from paragraph 7 of rule 18. The rule was amended on February 28, 1974 by deleting the word "automatically" and inserting in its place "be eligible to". Regardless of the effect of the amendment, and it may be open to different interpretations which need not be explored here, the rights of all the petitioners are controlled by the rule as it existed before the amendment. All of the petitioners entered the program prior to that date. In interpreting or construing a legislative enactment the purpose and intent of the legistlative body is the primary object to be sought (*Rankin* v. *Shanker*, 23 N Y 2d 111, 114). The language of this rule is clear and it requires no review of administrative history to find from it the legislative intent. To give the rule the strained construction urged by respondents-appellants would be contrary to reasonable rules of construction. "An administrative construction given to a statute may not in itself create an ambiguity where the statute is so plain as to leave nothing for construction. The fact that the statute has been re-enacted in the light of such construction, moreover, does not constitute adoption of its administrative construction." (*Matter of Del Giorno* v. *Police Dept. of City of N. Y.*, 33 A D 2d 665.) We find no ambiguity in the use of the word "automatically". Even if it could be successfully contended that ambiguity exists, the construction which should be applied is one which will not work a hardship or injustice. "It will be presumed that the Legislature did not intend that a statute would have an unjust effect, and, unless the language forbids, it must be given an interpretation and application consistent with such presumption." (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 146.) (See, also, *Cluett, Peabody & Co.* v. *J. W. Mays, Inc.*, 5 A D 2d 140, 149, affd. 6 N Y 2d 952; *Matter of United Parcel Serv. of N. Y.* v. *Joseph*, 272 App. Div. 194, affd. 297 N. Y. 1004; *Vandeweghe* v. *City of New York*, 150 Misc. 815, affd. 242 App. Div. 765.) The rule clearly entitled petitioners-respondents to the relief they seek. (Appeal from judgment of Erie Special Term in article 78 proceeding to direct appointment.) Present — Marsh, P. J., Simons, Mahoney, Goldman and Del Vecchio, JJ.